T. F. MITCHELL & CO. v. T. L. KNIGHT & SON.

1. JUDGMENT SHOULD BE SET ASIDE WHERE ABSENCE WAS CAUSED BY RELIANCE THAT SETTLEMENT HAD BEEN AGREED UPON.

Where it appeared from the record that K. & S. had commenced an action in the court of common pleas against M. & Co. to recover money, and that the defendants had filed an answer denying all of the material allegations of the petition, and that negotiations were then commenced between the parties, and it was agreed that no trial of the case should be had while the negotiations were pending, on which M. & Co. and their counsel relied, and that a settlement had been agreed upon between M. & Co. and a duly authorized agent of the plaintiffs, by which M. & Co. undertook and bound themselves to pay to McK., a creditor of the plaintiffs, the claim he d by K against K. & S., which was less than the claim asserted by K. & S. against M. & Co., and which was to be in full satisfaction of the claim of K. & S. against M. & Co., and relying upon such agreement and settlement M. & Co. did not appear to defend such action against them, which had, without their knowledge, or that of their counsel, been regularly set for trial in the court of common pleas, and judgment was rendered against them for the full amount claimed in the petition of plaintiffs, the court on a motion for a new trial on those grounds should have set aside the verdict and granted a new trial.

2. AGREEMENT TO SETTLE A LITIGATED CLAIM, BINDING IF THERE IS A CHANGE

Such agreement of settlement was on a good consideration, and was binding upon the parties, notwithstanding it was an agreement to pay a less sum for a greater, and there was a change in the obligation.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

The error complained of is that the court below overruled the motion of the plaintiffs in error to set aside the judgment rendered, and grant them a new trial. The facts, as they appear by the record, are these.

Knight & Son sued Mitchell & Co. before a justice of the peace on an account, and recovered a judgment, from which the defendants appealed. In the common pleas a petition

was filed by the plaintiffs, and an answer by the defendants which fully denied the claim. The case was set for trial, and the plaintiffs and their counsel, Mr. Crawford, appeared, but neither of the defendants or their counsel, Mr. Raisin, appearing, the case was submitted by the plaintiffs to the court and judgment rendered for the full amount of the claim, and within three days a motion for a new trial was filed on the ground of accident or surprise, which ordinary prudence could not have guarded against, and for the further reason that at the time and before the judgment was rendered, negotiations for a settlement of the case were pending between the parties, and it has been understood and agreed that no trial of the case should be had while they were in progress, and that relying on this, the defendants or their counsel were not present at the trial. And for the further reason that it had been agreed between the respective counsel that the case should not be tried while the negotiations were pending, and that upon failure to agree upon terms, full notice was to be given of a trial, and that Mr. Raisin fully relied on this agreement.

Proof was also offered at the hearing of the motion that prior to the rendition of the judgment a compromise of the case had been agreed upon, and for this reason the defendants and their counsel gave no attention to the case.

On hearing the motion the court overruled it, and a bill of exceptions was taken containing all of the evidence, and the question for our decision is, does this evidence clearly show that a new trial should have been granted?

We are of the opinion that it does. Though the fact as to the authority of Crane from Knight & Son to compromise this case is denied by them, we think the weight of the evidence is, that he was so authorized.

Mr. Mitchell, one of the defendants, testified that after the case was set for trial, S. L. Knight, one of the plaintiffs, told him expressly that Crane was authorized by his firm to make such a compromise, and that it was afterwards made. Mitchell & Co. agreeing to pay $165.00 in full settlement of the claim against them, to Mr. McKeon, who had recovered a judgment against Knight & Son, which agreement was accepted by McKeon, who agreed to credit Knight & Son with the $165.00, and give Mitchell time to pay it, and that he and his counsel relied on this compromise and did not appear to defend the suit. Mr. Malloy, another of the defendants, testified that Frank A. Knight, the other partner of Knight & Son, told him that Crane was authorized to make such settlement, and when informed what it was, approved it. That this was before the judgment was taken, and was relied upon by the affiant. Mr. McKeon testified to the making of the compromise, Crane representing that he was authorized by Knight & Son to do so. Crane testifies expressly that he was authorized by Knight & Son to compromise the case. On the other hand, both Knight and Son deny any such authority, but in addition to the testimony of the two defendants there is the evidence of Crane, a disinterested witness, as to the fact of such authority, and we are impressed with the truth of the statement that he was so authorized.

But it is claimed by the counsel for the defendants in error, that even if we find that such compromise was duly made, that we ought not to disturb the judgment for several reasons. First—That the evidence does not show that the defendants had a valid defense, or that if the judgment was set aside, the result on the next trial would be different. In answer to this it may be said that on a motion for a new trial made at the same term as the judgment, it is not necessary that this be shown. The answer of the defendants on file denied the validity of the claim. In addition to this the affidavit of Mitchell expressly averred that they have a good and valid defense to the action, and this is not controverted by the affidavits of the plaintiffs. Second—It is urged that even if the case was compromised by the agreement of the parties on the terms named, that it was not valid as being wholly without consideration. That the agreement to pay $165 in full of a debt of $240, or its payment would not be a good defense as to the residue of the claim. In answer to this it may be said that it is clear that an agreement to settle a litigated or disputed claim is supported by a good consideration. Anson on Contracts, *85, *75. In addition Mitchell & Co. became liable by the contract to pay McKeon the $165, and it is held in Graham v. Harper, 20 O., 105, that the slightest change of the obligation is sufficient to take the case out of the technical rule relied on.

But independent of this alleged compromise of the case, and if the evidence does not clearly show the authority of Crane to bind Knight & Son, it is shown that the defendants below, and their counsel believed that he had, and that they had good reason so to believe. and for this reason did not appear in court

We say nothing as to the conflict between counsel as to the arrangement made between them, for it is unnecessary to do so. We think that the judgment should have been set aside and that the defendants should have had a new trial, and the judgment will now be reversed with costs and a new trial awarded.

C. L. Raisin, for plaintiff in error.

S. T. Crawford, for defendant in error.